# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN B. CERLAN, | ) | CASE NO. 1:20-CV-02352-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant, | ) | |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation on plaintiff's unopposed amended petition for attorney fees under 42 U.S.C. § 406(b). (ECF Nos. 16 and 17).

After successfully helping Plaintiff Christian Cerlan appeal his denial of Social Security benefits, Plaintiff's counsel now seeks attorneys' fees under 42 U.S.C. § 406(b) for work performed on this case. (ECF No. 16). Specifically, Plaintiff's counsel seeks $17,000.00 in contingent fees. Together with the $15,000 awarded for administrative-level services, Plaintiff's counsel's total fee would be $32,000.

Courts must review fee requests to make sure that the fees are reasonable. *Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 643 (6th Cir. 2025). Section 406(b) caps attorneys' fees at twenty-five percent of the past-due benefits. *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 420–21 (6th Cir. 1990) (citation omitted). Plaintiff's counsel's request for $17,000 in contingent fees is reasonable. Plaintiff Cerlan received a total of $155,196 in past-due benefits: $95,839 in primary

1

benefits and $59,357 for his children. And, Plaintiff Cerlan and counsel signed a contingency fee agreement where Cerlan agreed to pay twenty-five percent of his past due benefits. (ECF No. 16-1). The total fee from past-due benefits for all representation, before considering the EAJA refund, will be less than 21 percent of past-due benefits.[1] After the EAJA refund of $5,000.00 to Cerlan, his total fee for all representation will be less than 18 percent of total past due benefits. Moreover, Plaintiff's counsel submitted a schedule of time spent in litigating Cerlan's case showing a total of 24.5 attorney hours. Hypothetically, for the contingency fee of $17,000, before the EAJA refund, Plaintiff's counsel's hourly rate would amount to $693.88. Comparable hypothetical hourly rates have been found reasonable by this Court. *See McMillion v. Comm'r of Soc. Sec.*, No. 1:20-CV-2356 (N.D. Ohio, 7/2/2024) (Order, Gwin, J., ECF No. 34) (awarding contingent fee amounting to $659.81 per hour, with no objection of agency); *Cheatham v. Comm'r of Soc. Sec.*, No. 3:14-cv-1636 (N.D. Ohio, October 31, 2016) (Order, Carr, J., ECF No. 28) (awarding contingent fee amounting to $700 per hour); *Bowman v. Colvin*, No. 1:09-cv-248 (N.D. Ohio Mar. 27, 2014) (MOO, Gaughan, J., ECF No. 29) (adopting R&R, Mar. 10, 2014, Knepp, M.J., ECF No. 27 (awarding contingent fee amounting to $720 per hour)). Finally, the Commissioner does not oppose Plaintiff's counsel's request for attorney fees. (ECF No. 17).

## RECOMMENDATION

For the reasons set forth herein, the Court recommends that Jon H. Ressler, Esquire be awarded an attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the amount of

---

[1] The EAJA allows attorneys to be awarded fees for the same services under both §406(b) and the EAJA, so long as the smaller fee is refunded to the claimant. 28 U.S.C. §2412 note.

$17,000.00, on the condition that Plaintiff's counsel refunds Plaintiff the $5,000 in fees he previously received under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Dated: June 11, 2025

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).