IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Christian B. Cerlan, | Case No. 1:20CV2352 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | Magistrate Judge Carmen E. Henderson |
| Commissioner of Social Security, | MEMORANDUM OPINION & ORDER |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Carmen E. Henderson (Doc. No. 18), recommending that Plaintiff Christian B. Cerlan's Counsel's Motion for Attorney Fees in the amount of $17,000.00 pursuant to 42 U.S.C. § 406(b) be granted on the condition that Plaintiff's Counsel refunds Plaintiff the $5,000 in fees he previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. No objections have been filed. For the following reasons, the Report and Recommendation ("R&R") is ADOPTED and Plaintiff's Counsel's Motion for Attorney Fees (Doc. No. 16) is GRANTED as set forth in the R&R.

I.  **Background**

On October 15, 2020, Plaintiff Christian B. Cerlan filed a Complaint (Doc. No. 1) challenging the final decision of the Defendant Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1381 *et seq*. ("Act"). Pursuant to Local Rule 72.2(b), the case was referred to the Magistrate Judge.

On August 10, 2021, the parties filed a Joint Stipulation to Remand to the Commissioner for further proceedings pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 12.) The Court entered the Stipulated Remand on August 10, 2021. (Doc. No. 13.) On September 8, 2021, the parties filed a Joint Proposed Stipulation for an Award of Attorney Fees under the EAJA in the total amount of $5,000 as well as costs in the amount of $400. (Doc. No. 14.) That same day, the Court issued an Order awarding EAJA fees and costs in the stipulated amount of $5,400. (Doc. No. 15.)

On April 25, 2025, Plaintiff's Counsel, Attorney Jon Ressler, filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 16.) Therein, Attorney Ressler represents that Plaintiff prevailed on remand and that the Commissioner awarded Plaintiff a total of $155,196.00 in past due benefits.[1] (*Id.*) Attorney Ressler requests that the Court authorize an award of attorney fees in the amount of $17,000.00 from Plaintiff's past due benefits. (*Id.*) The Commissioner filed a Response on May 8, 2025, in which it does not take a position regarding Attorney Ressler's request, noting that "it is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." (Doc. No. 17 at PageID# 608.) The Commissioner does note, however, that "[w]hen an attorney receives fees under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant." (*Id.*)

The Court referred the Motion for Attorney's Fees to Magistrate Judge Henderson. *See* Non-Doc. Order dated April 28, 2025. On June 11, 2025, the Magistrate Judge issued a R&R in which she discussed and applied the applicable law and recommended that Attorney Ressler be awarded

---

[1] This amount consists of $95,839 in primary benefits and $59,357 for Plaintiff's children. (*Id.*)

2

$17,000 in attorney fees on the condition that he return to Plaintiff the $5,000 in attorney fees that Counsel previously received under the EAJA. (Doc. No. 18.) Objections were due within fourteen (14) days, i.e., by June 25, 2025. No objections were filed.

II.     **Standard of Review**

The applicable standard of review of a Magistrate Judge's Report and Recommendation depends upon whether objections were made to that report. When objections are made, the district court reviews the case *de novo*. Specifically, Federal Rule of Civil Procedure 72(b) states in pertinent part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.

Although the standard of review when no objections are made is not expressly addressed in Rule 72, the Advisory Committee Notes to that Rule provide that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72, Advisory Committee Notes. Moreover, in *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the United States Supreme Court explained that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

III.    **Analysis and Conclusion**

Here, as stated above, no objections were filed to the Report and Recommendation of Magistrate Judge Henderson that Plaintiff's Counsel's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) be granted and that Plaintiff's Counsel should be awarded a total of $17,000.00 in attorney fees on the condition that Plaintiff's Counsel refund Plaintiff the $5,000 in attorney fees that

3

he previously received under the EAJA. This Court has nonetheless carefully and thoroughly reviewed the Report and Recommendation and agrees with the findings set forth therein. The Report and Recommendation of Magistrate Judge Henderson is, therefore, ADOPTED. For the reasons set forth in the Report & Recommendation, Plaintiff's Counsel's Motion for Attorney Fees (Doc. No. 16) is GRANTED as follows. Plaintiff's Counsel, Attorney Jon Ressler, is awarded $17,000.00 in attorney fees pursuant to 42 U.S.C. § 406(b), on the condition that Plaintiff's Counsel refund Plaintiff the $5,000 in attorney fees that he previously received under the EAJA .

    **IT IS SO ORDERED.**

Date: June 26, 2025

                                                    *s/Pamela A. Barker*
                                                    PAMELA A. BARKER
                                                    U. S. DISTRICT JUDGE